(62 Misc. Rep. 24.)

PEOPLE ex rel. WEBBER v. MOTHER SUPERIOR OF HOUSE OF GOOD SHEPHERD.

(Supreme Court, Special Term, Kings County.    January, 1909.)

1. INFANTS (§ 16*)—COMMITMENT TO REFORMATORY.

A commitment of a minor, under Laws 1892, p. 897, c. 439, to the House of Good Shepherd, is properly in the alternative, during minority or until discharged.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 16.*]

2. INFANTS (§ 16*)—COMMITMENT TO REFORMATORY—CONSTRUCTION.

In a commitment, under Laws 1892, p. 897, c. 439, to the House of Good Shepherd, on a printed blank intended for a commitment for the term of six months, where those words have been stricken out in one place and the words "during minority" written in their place, the fact that in another place the words were not changed will not render the commitment invalid, but it will be construed as a commitment during minority.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 16.*]

Habeas corpus by the People, on the relation of Margaret Webber, against the Mother Superior of the House of the Good Shepherd. Writ dismissed.

Mitchell May, for relator.

Peter P. Smith (John F. Clarke, Dist. Atty., on the brief), for respondent.

BLACKMAR, J. The defendant justifies the detention of the relator under a commitment issued by a city magistrate, to the sufficiency of which the relator demurs. The relator was committed under chapter 439, p. 897, of the Laws of 1892. The commitment recites the jurisdictional facts, and then in terms adjudges that the relator be committed to the defendant, there to remain for the period of six months or until discharged according to law. It then proceeds to direct that the relator be taken to the House of Good Shepherd, which is required to hold her during the term of her minority or until discharged according to law.

The act of 1892 is not repealed by the provisions of the charter. The magistrate had jurisdiction; but, as the relator is a minor, he could commit her only during her minority or until discharged. I think the law means until sooner discharged; so that a commitment in the alternative, during minority "or" until discharged, is not ob-

---

jectionable. The commitment seems contradictory on its face. There is a provision requiring the detention to last for a term of six months, and another that it last during minority. But the meaning is plain. The relator was a minor, and the magistrate had no authority, except to commit during minority. The commitment is on a printed blank. Twice the words "for the term of six months" are used in the printed blank. They are stricken out once, and the words "during her minority" written over them. The evident meaning of the commitment is that it shall last during minority. As that time has not expired, the relator is legally held pursuant to a valid commitment.

The writ is dismissed, and the relator remanded.

Writ dismissed.